UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61112-CV-SMITH
MAGISTRATE JUDGE REID

ERIC PING,

       Plaintiff,

v.

ISMAEL CAMACHO, et al.,
       Defendants.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.  Introduction

This Cause comes before the Court upon the *pro se* Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff is a pre-trial detainee currently in custody at Broward County Main Jail. Plaintiff raises excessive force claims against two detention deputies employed by the Broward County Sheriff's Office for an incident that occurred while in their custody. [*Id*.]. He also names as a defendant a doctor at the facility alleging he was deliberately indifferent to Plaintiff's serious medical needs. [*Id*.]. The Court granted Plaintiff's request to proceed *in forma pauperis*. [ECF No. 17].

The case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and S.D. Fla. Admin. Order 2019-2. [ECF No. 3].

For the reasons stated herein, the Undersigned recommends that this matter be **DISMISSED** without prejudice, and with leave to file an amended complaint.

## II. Standard of Review

Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing a complaint under § 1915(e), the Court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id*.

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. Facts Set Forth in the Complaint [ECF No. 1]

Plaintiff brings this § 1983 action against the following three defendants, each in their official capacities: Deputy Ismael Camacho, Deputy Kemotek, and Doctor Dauphin. [ECF No. 1 at 2-3].

Plaintiff alleges that on May 12, 2020 at approximately 10:00 a.m. defendants Camacho and Kemotek beat him for no reason. [*Id*. at 5]. Plaintiff was outside his unit speaking to Dr. Dauphin regarding x-rays taken due to an earlier injury. [*Id*.]. Defendants Ismael and Kemotek allegedly grabbed Plaintiff and dragged him across the floor while verbally threatening him. [*Id*.]. These defendants pushed Plaintiff into his cell. [*Id*.]. Kemotek twisted Plaintiff's injured arm, "crunching [his] bones as he twisted [his] hand." [*Id*.]. Ismael "started throwing haymakers (extremely hard punches) to [Plaintiff's] face, and the fourth one knocked [him] to the ground. [*Id*.]. Ismael then kneed Plaintiff in the face and both Defendants "pounding on [his] body. [*Id*.]. Ismael "started stomping [Plaintiff's] ribs, and actually broke 2-3 ribs." [*Id*.]. Kemotek "stomped on [Plaintiff's] left hand. [*Id*.]. After a few minutes of beating, Ismael "emptied a whole can of mace" on Plaintiff and then kneed him in the back. [*Id*.]. A sergeant came on the scene as the alleged assault ended. [*Id*.].

Plaintiff asked to speak to a doctor. [*Id*.]. A nurse checked Plaintiff and said he was fine, then walked away laughing. [*Id*.]. Dr. Dauphin refused to see Plaintiff and denied him any medical attention prior to filing this Complaint. [*Id*.].

## IV. Discussion

### A. Excessive Force Claim in Violation of the Eighth Amendment.

Whenever prison officials stand accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain," the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Applying this standard, courts consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (*per curiam*) (citations omitted).

Here Plaintiff's allegations are sufficient to state a claim of excessive force. According to Plaintiff he was beaten by the two deputies for no reason and sustained significant injuries. In the absence of a reason for the use of force almost any use of force might be considered excessive. Here, the Plaintiff alleges that extreme force was used and that he suffered broken bones.

However, Plaintiff has sued both Camacho and Kemotek in their official capacities only. This designation by Plaintiff is fatal to his claim because the defendants cannot be sued in their official capacities.

An official capacity claim is actually a claim against the defendants' agency. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Here, the Defendants' agency is the Broward County Sheriff's Office. The law of the state Florida determines the capacity to be sued. *See Dean v.*

*Barber,* 951 F.2d 1210, 1214–15 (11th Cir.1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued.

Thus, the Plaintiff's official capacity claims against Camacho and Kemotek, which are actually claims against the Broward Sheriff's Office, are subject to dismissal because it is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran,* 661 So.2d 409, 410 (Fla. 3d DCA 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law). This dismissal is without prejudice to Plaintiff filing an amended complaint against the proper defendants.

### B. *Deliberate Indifference to a Serious Medical Need*

The delay or denial of access to medical care for inmates resulting in physical or mental injury constitutes a violation of constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To state such a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). The medical need must be "one that, if left unattended, pos[es] a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations and quotation marks omitted).

Here, Plaintiff alleges that he suffered a severe beating by Camacho and Kemotek that left him with serious injuries including broken bones. He further has alleged that Defendant Dauphin has refused to provide any medical care for his serious injuries. The Plaintiff's allegations, taken as true, are sufficient to support a claim of deliberate indifference.

Although Plaintiff's allegation might state claim for relief against Dauphin in his individual capacity, here again he has elected to sue the defendant only in his official capacity. As with his

claims against Deputies Camacho and Kemotek, Plaintiff's claim against Dauphin is subject to dismissal because the Broward County Sheriff's Office is not an entity with the capacity to sue or be sued. This claim should be dismissed without prejudice to the filing of an amended complaint designating the proper defendant.

## V.  Recommendation

As to Plaintiff's claims, as alleged in his Complaint [ECF No. 1], it is recommended that the Complaint be **DISMSSED** because the defendants are not amenable to suit in their official capacity. The dismissal should be without prejudice to the filing of an amended complaint.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 20th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Eric Ping**
       562000172
       Broward County Main Jail
       Inmate Mail/Parcels
       Post Office Box 9356
       Fort Lauderdale, FL 33310
       *PRO SE*